**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CYNTHIA K. DAVIS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:14-cv-1129 |
| CITIBANK, N.A., | ) |
| Defendant. | ) |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant Citibank, N.A. ("Citi"), hereby removes the state court action entitled *Cynthia K. Davis v. Citibank, N.A.*, Civil Action No. 14SL-CC01376, filed in the Circuit Court of St. Louis County in the State of Missouri, pursuant to 28 U.S.C. §§ 1331, 1332(d), 1367, and 1441.  In support of removal, Citi states as follows:

1.     In her Petition for Damages ("Petition"), Plaintiff Cynthia K. Davis ("Davis") alleges that Citi was unjustly enriched, that it engaged in deceptive trade practices, that it defrauded her, and that it breached the Missouri Second Mortgage Loan Act ("SMLA"), all by charging Davis a $200 fee for subordinating a security interest it held pursuant to a home equity line of credit ("HELOC") agreement.  A copy of the Petition is attached hereto.  Exhibit A.

2.     Davis purports to bring these claims on behalf of a class of similarly situated plaintiffs who were charged subordination fees by Citi within the last ten years. However, Davis's Petition is ambiguously pled and it is unclear whether Plaintiff seeks to bring her claims on behalf of a nationwide class or a class limited to Missouri residents. Regardless, removal is proper under either circumstance.

**I.       Defendant Has Satisfied the Procedural Requirements for Removal**

3.       **Removal is timely**.  This Notice of Removal is being filed within 30 days of receipt by Citi of the Petition, and so the Notice is timely pursuant to 28 U.S.C. § 1446(b).

4.       Citi attaches hereto a copy of all pleadings and other papers in this case pursuant to 28 U.S.C. § 1446(a) and Local Rule 80-2.03.  Exhibit A.

5.       No further proceedings have occurred in the state court action or arbitration.

6.       No previous application has been made for the relief requested herein.

7.       **Venue is proper**.  The Circuit Court of St. Louis County, Missouri, is located within the geographical boundaries of the United States District Court for the Eastern District of Missouri, Eastern Division.  Venue is proper in this Court because it is "the district and division embracing the place where such action is pending."  28 U.S.C § 1441(a).

8.       The written notice required by 28 U.S.C. § 1446(d) and Local Rule 81-2.03 will be promptly filed in the Circuit Court of St. Louis County, Missouri, and served on Plaintiff.

**II.      First Ground for Removal—Federal Question Jurisdiction**

9.       This Court has original subject matter jurisdiction over this case under 28 U.S.C. § 1331 because Davis's SMLA claim necessarily requires resolution, construction, or application of one or more substantial questions of federal law in dispute between the parties.

10.      Davis alleges that the subordination fee breached the SMLA because such fees are not listed in Mo. Rev. Stat. § 408.233, a statutory provision setting out allowable fees on loans to which the SMLA is applicable.

11.      When a "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities," there is federal

subject matter jurisdiction over that claim. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

12. Davis's Petition for Damages necessarily raises a federal issue that is disputed and substantial, because her SMLA claim is dependent on an interpretation of a federal statute, the National Bank Act, 12 U.S.C. § 85. To wit:

    a. In order for the SMLA to apply to the HELOC, Davis is required to demonstrate that the interest rate or fees charged by Citi on the HELOC were illegal. *See* Mo. Rev. Stat. § 408.232.4.

    b. Because Citi is a nationally chartered bank, the legal limits on the HELOC's interest rate and fees are determined by federal banking statutes, including the National Bank Act, 12 U.S.C. § 85.

13. Moreover, this federal issue is substantial and exercising jurisdiction over it will not disturb any congressionally approved balance of federal and state judicial responsibility, because federal banking law is a "complex federal regulatory scheme," and the courts have consistently held that the federal courts can interpret such schemes without offending the judicial balance. *See, e.g., Broder v. Cablevision Sys. Corp*, 418 F.3d 187, 195 (2d Cir. 2005).

14. Thus, removal is proper from state court to this United States District Court under 28 U.S.C. § 1441(a), (c) without regard to the citizenship or residence of the parties.

15. As a result, this Court can further exercise supplemental jurisdiction over Davis's other three claims, pursuant to 28 U.S.C. § 1367.

**III.     Second Ground for Removal—CAFA Diversity**

16. Additionally, or in the alternative, because Davis has brought her suit as a class action, this Court has original subject matter jurisdiction over this case under 28 U.S.C. § 1332(d), the Class Action Fairness Act.

17. Citi is a nationally-chartered bank with its principal place of business in South Dakota.

18. Davis is a citizen of Missouri.

19. As a result, at least one member of the putative class—Davis herself—is a citizen of a state different from that of the defendant, Citi.

20. Therefore, the putative class meets the diversity requirements of 28 U.S.C. § 1332(d)(2)(A),

21. Furthermore, the amount in controversy exceeds $5 million, the jurisdictional requirement under 28 U.S.C. § 1332(d)(2).

22. Where a lender violates the SMLA, it is barred from recovering any interest on the violative loan.  *See* Mo. Rev. Stat § 408.236.

23. To the extent Davis purports to bring her claims on behalf of a nationwide class, the total amount of subordination fees and interest charged on home equity lines of credit by Citi within the last ten years exceeds $5 million.

24. As a result, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(d)(2) because the parties are sufficiently diverse and the amount in controversy exceeds $5 million, exclusive of interest and costs.

25. This case is therefore removable under 28 U.S.C. § 1441(a).

**IV.     Conclusion**

WHEREFORE, defendant Citibank, N.A. hereby gives notice that the above-referenced action now pending against it in the Circuit Court of St. Louis County, Missouri, has been removed therefrom to this Court.

Dated: June 20, 2014                              Respectfully submitted,

                                                                    BRYAN CAVE LLP

By: /s/ Louis F. Bonacorsi
    Louis F. Bonacorsi, #28331MO
    lfbonacorsi@bryancave.com
    Jason A. Kempf, #59897MO
    jason.kempf@bryancave.com
    William O. Scharf, #93449FL
    will.scharf@bryancave.com
    211 North Broadway, Suite 3600
    St. Louis, MO  63102
    (314) 259-2000; (314) 259-2020 (facsimile)

*Attorneys for Defendant*
*Citibank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via electronic service to all parties of record on the 20th day of June, 2014.

**BICK & KISTNER, P.C.**
Elkin L. Kistner, #35287MO
elkinkis@bick-kistner.com
101 South Hanley Road, Suite 1280
St. Louis, Missouri 63105
(314) 571-6823; (314) 727-9071 (facsimile)

**LAW OFFICES OF DAVIS & GARVIN**
James W. Davis, #36921MO
jdavis@davisgarvinlaw.com
325 N. Kirkwood Road, Suite 210
St. Louis, Missouri 63122
(314) 822-8100 Ext. 22; (314) 965-3369 (facsimile)

**ROBERTS, WOOTEN & ZIMMER, L.L.C.**
Kevin C. Roberts, #31578MO
kevinroberts@rwzlaw.com
P.O. Box 888
Hillsboro, Missouri  63050
(636) 797-2693


/s/ Louis F. Bonacorsi