IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| CYNTHIA K. DAVIS, | ) |
| | ) |
| Plaintiff, | ) Case Number: |
| | ) |
| v. | ) Division No: 14SL-CC01376 |
| | ) |
| CITIBANK, N.A., | ) |
|    Serve: Eugene M. McQuade | ) |
|        Chief Executive Officer | ) |
|        Citibank, N.A. | ) |
|        399 Park Ave. | ) |
|        New York, NY 10022 | ) |
| | ) |
| Defendant. | ) |

## PETITION FOR DAMAGES

COMES NOW Plaintiff Cynthia K. Davis, by and through her attorneys, and for her Petition states:

### PARTIES TO THIS ACTION

1. Plaintiff Cynthia K. Davis is an individual and is a resident of the State of Missouri, residing in St. Louis County, Missouri at 9112 White Avenue, Brentwood, MO 63144.

2. Defendant Citibank, N.A. is a Corporation, authorized to do business in the state of Missouri and has it principal place of business in South Dakota.

### VENUE AND JURISDICTION

3. The transactions and events which are the subject matter of this Complaint occurred within the County of St. Louis, State of Missouri.

4. The subject property herein, 9112 White Ave., Brentwood MO 63144 is located within the County of St. Louis, State of Missouri.

EXHIBIT A ✓

5. The Venue for this action properly lies in St. Louis County, Missouri pursuant to §508.010.5 (1), RSMo.

## STATEMENT OF FACTS

6. Plaintiff and her husband, James W. Davis, own the property located at 9112 White Ave., St. Louis MO 63144 ("the Property") as husband and wife (collectively "Owners"). The Property is currently subject to a first mortgage ("1st DOT"), in the original principal amount of $390,500.00 executed by Owners, in favor of J.P. Morgan Chase N.A. ("Chase"), a copy of which is hereby attached as Exhibit 1.

7. The Property is also subject to a second mortgage, in the form of a home equity line of credit ('HELOC"), which line of credit has a limit of $108,500.00, which HELOC agreement is executed by Plaintiff, and secured by the Property, in favor of Defendant Citibank, N.A. ("Citi"), a copy of which is hereby attached as Exhibit 2.

8. On or about September 9, 2011, Owners contacted Chase for the purpose of refinancing the 1st DOT. Owners completed the application via telephone. A copy of Owners Uniform Residential Loan Application ("1003") is hereby attached as Exhibit 3.

9. Owners received from Chase confirmation that Owner's application for refinancing was received.

10. Owners also received a Mortgage Conditional Approval letter, which included additional instructions for obtaining final loan approval. Included on page 2 of the Mortgage Conditional Approval is the following: "We will obtain and review the following:

- Provide documentation showing secondary financing has been subordinated.
- Cash back to borrower cannot exceed $250.00. Any excess funds must be used to reduce the loan balance.

2

EXHIBIT A

- Financed closing costs cannot exceed actual closing costs/prepaid/discount points, 4% of current unpaid principal balance or $5000, whichever is less."

The Mortgage Conditional Approval is hereby attached as Exhibit 4.

11.    Plaintiff was advised verbally and in writing by Chase that Plaintiff would have to obtain a subordination agreement from Citi for the HELOC as a condition of the proposed refinance.

12.    On or about October 13, 2011, Plaintiff received a letter from Citi which acknowledged the request for subordination of the HELOC to the 1st DOT. Citi's letter provides in relevant part: "We have received your request for the subordination of your Home Equity Account. Please note that Citi charges a $200.00 subordination fee. This fee will be assessed to your account and will appear as a fee on your monthly account statement." A copy of the letter is hereby attached as Exhibit 5.

13.    On or about October 14, 2011, Citi sent the subordination agreement to Title Source, Inc., the settlement agent for the refinance transaction which was subsequently recorded.

14.    Owners closed on the refinance of the 1st DOT with Chase on October 26, 2011. The $200.00 subordination fee as charged by Citi was not charged at closing but instead added to Plaintiff's monthly statement from Citi on the HELOC and paid by Plaintiff to Citi.

## CLASS ACTION ALLEGATIONS

15.    This action is brought by the named Plaintiff, as a class action, on her on behalf and on behalf of all others similarly situated, pursuant to Rule 52.08 of the Missouri Rules of Civil Procedure and Section 407.025, RSMo.

16.    Plaintiff represents a class consisting of all persons who were charged a fee to subordinate a HELOC issued by Citi for the last 10 years.

3

EXHIBIT A

17. Although the exact number of members of the class is now unknown, it is estimated that there are hundreds of members and as such the class is so numerous that joinder of individual members in this action is impracticable, but not so many members that administration of the class is unmanageable.

18. There are common questions to members of the class. Such common questions include, but are not limited to, whether the Defendant is liable to Plaintiff and the class:

(a) For violating the Missouri Merchandising Practices Act, Section 407.010, RSMo, et seq.;

(b) For concealing or omitting a material fact under the MMPA:

(c) For breaching a duty owed to the Plaintiff and the class by charging a fee for which there was no right to collect;

(d) For unjustly enriching itself at the expense and loss to their customers;

(e) For failing to disclose the subordination fee;

(f) For misrepresenting the law as to its right to charge a subordination fee;

(g) For fraud in charging a fee for doing that which they had already agreed to do;

(h) Defendant's liability for punitive damages;

(i) Defendant's liability for class counsel's attorney fees.

19. The claims of the named Plaintiff are typical of the claims of the other class members of the proposed class and the Plaintiff can and will fairly and adequately represent the class. The named plaintiff has no interest adverse to the interests of the class.

EXHIBIT A

20. Counsel selected by the above named Plaintiff are experienced in handling class actions and other complex litigation and will fairly and adequately represent the interest of all of the members of the class.

21. The questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I

### UNJUST ENRICHMENT

22. Plaintiff re-alleges and incorporates by reference herein all of the allegations set forth in paragraphs 1 through 21, above.

23. Plaintiff entered into the HELOC agreement with Citi on or about March 13, 2007.

24. On or about October 13, 2011, Plaintiff received a letter from Citi in response to Plaintiff's request for subordination in connection with the refinancing of the Property. See Exhibit 5. Citi advised Plaintiff of its willingness to provide the requested subordination in return for a payment of $200.00, which Plaintiff subsequently paid.

25. The HELOC agreement entered into between Plaintiff and Citi does not contain any provision regarding the charge for a subordination fee.

26. Citi had no right to charge a fee for the subordination of its interest in the Property.

27. Given the fact that no term of the HELOC agreement allows Defendant Citi to charge a fee for the subordination agreement, its receipt of the fee is unlawful, which unjustly enriched Citi at Plaintiff's expense.

**EXHIBIT A**

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant Citi, declaring that Citi had no right to charge a fee for the subordination without specific authorization in the contract between Plaintiff and Citi; ordering that Citi reimburse Plaintiff in the amount of the subordination fee; that this Court award her the costs she has incurred in this action and that it provide her with such other and further relief as the court may deem proper.

## COUNT II

### DECEPTIVE PRACTICES: CONSUMER FRAUD AND FAIR MERCHANDISING PRACTICES ACT

28. Plaintiff re-alleges and incorporates by reference herein all of the allegations set forth in paragraphs 1 through 27, above.

29. Section 407.020 (1), RSMo, states that it is an unlawful practice to conceal or omit any material fact in connection with the sale of any merchandise in trade or commerce in the State. Section 407.010 (4), RSMo, defines "Merchandise" as any objects, wares, goods, commodities, intangibles, real estate or services.

30. The origination, processing and funding of Plaintiff's mortgage loan falls within the statutory definition of Merchandise.

31. Citi has no provision in its HELOC agreement which permits Citi to charge a subordination fee to Plaintiff.

32. Despite its knowledge of this fact, Citi not only charged the fee to Plaintiff, but failed to disclose the fee on numerous occasions. By the time the fee was disclosed to Plaintiff, Plaintiff had made a commitment, financially and otherwise to the refinance, and had little opportunity to dispute the charge, or to investigate the basis for such.

33. Furthermore, Defendant's requirement that Plaintiff obtain a subordination of the HELOC and incur the subordination fee is contrary to law. Section 9-103 (2) of the U.C.C.

**EXHIBIT A**

states: "purchase-money obligation" means an obligation of an obligor incurred as all or part of the price of the collateral or for value given to enable the debtor to acquire rights in or the use of the collateral if the value is in fact so used". Subsection (f) states: "No loss of status of purchase-money security interest in non-consumer-goods transaction. In a transaction other than a consumer-goods transaction, a purchase-money security interest does not lose it status as such, even if: . . . (3) the purchase-money obligation has been renewed, *refinanced*, consolidated, or restructured (emphasis added).

34. In the instant case, the 1st DOT qualifies as a purchase money obligation. Plaintiff did not increase the amount financed, nor modify the loan in such a way as to affect the value of Citi's lien position. Thus, applying the statute to this transaction, there was no need for a subordination agreement at all.

35. Defendant's requirement that Plaintiff subordinate the HELOC to the 1st DOT is a misrepresentation of the law, represented to Plaintiff as fact, and which Plaintiff relied upon in agreeing to pay the subordination fee.

36. The acts of Defendant Citi are violations of Section 407.020, RSMo, for attempting to use deception, fraud, misrepresentation, and unfair practices to conceal and omit material facts in connection with their provision of services to a Missouri resident for personal purposes, all of which resulted in pecuniary loss to Plaintiff.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant for actual and punitive damages, the costs of this action, including attorney's fees and that this Court grant her such other and further relief as the Court may deem just and proper.

EXHIBIT A

## COUNT III

### FRAUD

37. Plaintiff re-alleges and incorporates by reference herein all of the allegations set forth in paragraphs 1 through 36, above.

38. Defendant was fully aware, before issuing required disclosures and making representations to Plaintiff to induce them to enter into the subject transaction, that they would impose additional, hidden, and undisclosed fees just prior to closing and at a point where Plaintiffs were committed to the transaction.

39. Defendant then knowingly and arbitrarily sprung upon Plaintiffs a fee for doing that which it had already agreed to do.

40. This type of last-minute fee income generation was used by Defendant Citi as a means to generate additional income from this consumer transaction where the plaintiff consumer is not in a position to decline payment without jeopardizing a much larger transaction to which they are already committed.

41. Such imposition and disclosure of this hidden fee was knowingly engaged in by Defendant Citi in order to generate "income" from the Plaintiffs for doing what had already been done, or agreed to be done.

42. Such conduct is an act of common law fraud.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant for actual and punitive damages, the costs of this action, including attorney's fees and that this Court provide her with such other and further relief as the Court may deem just and proper.

**EXHIBIT A**

## COUNT IV

### VIOLATION OF MISSOURI SECOND MORTGAGE LOAN ACT

43.  Plaintiff re-alleges and incorporates by reference herein all of the allegations set forth in paragraphs 1 through 44, above.

44.  Section 408.231, RSMo, states in subsection (1): A "second mortgage loan" shall mean a loan secured in whole or in part by a lien upon any interest in residential real estate created by a security instrument, including a mortgage, trust deed, or other similar instrument or document, which provides for interest to be calculated at the rate allowed by the provisions of Section 408.232, RSMo, which residential real estate is subject to one or more prior mortgage loans. Subsection (3) states: "Residential real estate" shall mean any real estate used or intended to be used as a residence by not more than four families, notwithstanding the provisions of Section 408.015."

45.  The HELOC is a second mortgage loan, secured by Residential real estate, as those terms are defined under Section 408.231, and thus subject to the provisions of Chapter 408 RSMo.

46.  Section 408.233 sets forth what Additional Charges are authorized, or which can be charged to a borrower, in connection with a second mortgage loan. A subordination fee is not listed as an authorized additional charge.

47.  Defendant Citi's charge of a subordination fee is a violation of Section 408.233.

48.  A violation of Section 408.233 is subject to the Penalties set forth in Section 408.240. In addition, Plaintiff is entitled to actual damages under Section 408.562, as well as punitive damages and attorneys fees within the discretion of the trial court.

**EXHIBIT A**

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant for actual and punitive damages, the costs of this action, including attorney's fees and that this Court provide her with such other and further relief as the Court may deem just and proper.

**BICK & KISTNER, P.C.**

By: *E K-k*
    Elkin L. Kistner              #35287
    101 South Hanley Road, Suite 1280
    St. Louis, Missouri 63105
    Telephone:  (314) 571-6823
    Facsimile:  (314) 727-9071
    E-mail: elkinkis@bick-kistner.com
    *Co-Counsel for Plaintiff Cynthia K. Davis*

**LAW OFFICES OF DAVIS & GARVIN**

    James W. Davis             #36921
    325 N. Kirkwood Road, Suite 210
    St. Louis, Missouri 63122
    Telephone:  (314) 822-8100 Ext. 22
    Facsimile:  (314) 965-3369
    E-mail: jdavis@davisgarvinlaw.com
    *Co-Counsel for Plaintiff Cynthia K. Davis*

**ROBERTS, WOOTEN & ZIMMER, L.L.C.**

    Kevin C. Roberts            #31578
    P.O. Box 888
    Hillsboro, Missouri 63050
    Telephone:  (636) 797-2693
    E-mail: kevinroberts@rwzlaw.com
    *Co-Counsel for Plaintiff Cynthia K. Davis*

**EXHIBIT A**