**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CYNTHIA K. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:14-cv-01129-CDP |
| | ) | |
| CITIBANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

<u>**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**</u>

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Citibank, N.A. ("Citi"), respectfully moves this court to dismiss Plaintiff Cynthia K. Davis's Petition for Damages ("Petition") for failure to state a claim on which relief can be granted.

## I.    <u>INTRODUCTION</u>

In 2011, Davis and her husband sought to refinance a residential mortgage loan with non-party JP Morgan Chase Bank, N.A. ("Chase"), which was secured by one of two deeds of trust on their property. The other deed of trust secured Davis's obligations under a home equity line of credit ("HELOC") with Citi. In order of creditors' priority, the Chase deed of trust was superior to Citi's. This order of priority would reverse as a consequence of the refinance absent some accommodation between the creditors. As a condition to the sought-after refinance, Chase demanded that plaintiff procure just such an accommodation from Citi. As a result, Davis submitted a formal subordination request to Citi. This case arises from the $200 fee that Citi charged Davis for agreeing to subordinate the HELOC deed of trust to the later-recorded Chase refinanced deed of trust. Notwithstanding Citi's explicit contractual rights both to approve a refinance and to charge a fee, Davis contends that Citi's fee is actionable.

On August 29, 2013, Davis filed a complaint in St. Louis County Circuit Court, naming as defendants Citi, J.P. Morgan Chase, N.A., and Title Source, Inc. In it, Davis brought claims for unjust enrichment and fraud, and a Missouri Merchandising Practices Act ("MMPA") claim based in part on allegedly defective Truth in Lending Act ("TILA") disclosures. Defendants promptly removed the action to this Court, and Judge Ross subsequently denied Davis's motion for remand. *See Davis v. J.P. Morgan Chase, N.A.*, 4:13-cv-02075-JAR, Doc. 41 (E.D. Mo. Dec. 18, 2013), attached hereto as **Exhibit 1**. Shortly thereafter, Davis voluntarily dismissed all three defendants and terminated the case.

Davis then apparently decided to pursue the instant matter against Citi only, modifying her claims in an apparent attempt to avoid federal jurisdiction. Specifically, Davis now alleges: (1) that Citi was unjustly enriched by the fee, (2) that Citi's charging the fee was a deceptive trade practice under Missouri law, either because Citi concealed material facts in issuing the HELOC or because charging the subordination fee violated Section 9 of the U.C.C., (3) that Citi committed fraud, and (4) that Citi's charging the subordination fee in connection with the HELOC violated the Missouri Second Mortgage Loan Act ("SMLA"). Davis also alleges that her claims are typical of a class of "all persons who were charged a fee to subordinate a HELOC issued by Citi for the last 10 years."

As demonstrated below, each of these claims is deficient as a matter of law and therefore should be dismissed. First, Davis's unjust enrichment claim fails as a matter of law both because any claim she has depends upon a contractual relationship with Citi and because she has failed to plead anything unjust or inequitable about Citi collecting the fee. Second, Davis's deceptive trade practice claim fails because neither of the two arguments that Davis advances on this point are valid—Citi omitted no material fact in connection with its issuance of the HELOC, and

Section 9 of the U.C.C. is inapplicable to security interests in real estate like the HELOC. Third, Davis has failed to plead with specificity any fraudulent conduct on the part of Citi. And fourth, Citi's charging the subordination fee did not violate the SMLA or, in the alternative, Davis's SMLA claim is preempted by the National Bank Act.

## II.     FACTUAL BACKGROUND

Davis and her husband owned a property in St. Louis County, Missouri (the "Property"). Compl. ¶ 6. They executed a mortgage on the Property, conveying to Chase a security interest memorialized in a Deed of Trust, Compl. ¶ 6.[1] Davis also entered into a Home Equity Line of Credit agreement ("HELOC agreement") with Citi, securing the HELOC against the Property with a second deed of trust ("HELOC deed of trust"). Compl. ¶ 7; Ex. 2. In September 2011, Davis and her husband applied to refinance their first Deed of Trust with Chase. Compl. ¶ 8. Chase accepted this application, and sent Davis and her husband a Mortgage Conditional Approval letter, which required, *inter alia*, that they "[p]rovide documentation showing secondary financing has been subordinated." Compl. ¶ 10; Ex. 4.

As a result, Davis asked Citi to subordinate its HELOC deed of trust. Compl. ¶ 12. Under that instrument, Davis agreed to "not enter into any agreement with the holder of a Prior Deed of Trust whereby such Prior Deed of Trust, or the indebtedness secured thereby is modified, amended, extended or renewed, without [Citi's] prior written consent." Ex. 2, Deed of Trust at 3 ¶ 3. The HELOC agreement also provided that Davis "may have to pay a fee to release a prior lien or security interest in the Property." Ex. 2, Agreement at 4 ¶ 5(i). As authorized by these provisions, Citi requested a $200 subordination fee as a condition of providing its consent to the

---

[1]     Davis has not provided her original Deed of Trust with Chase. Although her Complaint claims to attach it as Exhibit 1, that document is in fact a post-refinancing Deed of Trust dated November 10, 2011.

subordination. Compl. ¶ 12. Davis paid this fee, and Citi consented to subordination of the HELOC. *See* Compl. ¶¶13-14. On October 26, 2011, Davis and her husband closed on the refinance of their mortgage with Chase, and on November 10, 2011, they executed a new deed of trust with Chase, reflecting the terms of the refinancing. Compl. ¶ 14; Ex. 1.

## III.   ARGUMENT

### A.   Legal Standard

"To withstand a motion to dismiss, a complaint must contain enough facts to 'state a claim to relief that is plausible on its face.'" *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a court must accept as true facts pleaded by the non-moving party, "a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "'[C]onclusory statements' and 'naked assertion[s] devoid of further factual enhancement' are insufficient." *Retro Television Network*, 696 F.3d at 768-69 (alterations in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Additionally, while '[o]rdinarily, only the facts alleged in the complaint are considered in [determining whether it states a claim,] . . . materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint.'" *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (alterations in original) (quoting *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986)).

4

**B.      Davis has failed to state an unjust enrichment claim against Citi.**

In her first cause of action, Davis alleges that, because "[t]he HELOC agreement . . . does not contain any provision regarding the charge for a subordination fee," Compl. ¶ 25, requiring the fee was unlawful and unjustly enriched Citi, Compl. ¶ 27. This claim fails as a matter of law because (a) claims for unjust enrichment cannot arise out of contractual relationships; and (b) the subordination fee was authorized by the HELOC agreement.

### i.      Unjust enrichment cannot arise out of contract.

The HELOC agreement is governed by Nevada law. Ex. 2, Agreement at p. 8, ¶ 19. Under Nevada law, "unjust enrichment occurs 'when ever [sic] a person has and retains a benefit which in equity and good conscience belongs to another.'" *Leasepartners Corp. v. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997) (quoting *Unionamerica Mtg. v. McDonald*, 626 P.2d 1272, 1273 (Nev. 1981)).[2] Significantly, Nevada law bars claims of unjust enrichment where such claims arise out of a contractual relationship between the parties. *See, e.g.*, *Goodwin v. Exec. Tr. Servs., LLC*, 680 F.Supp.2d 1244, 1255 (D. Nev. 2010) ("The doctrine of unjust enrichment thus only 'applies to situations where there is no legal contract.'" (quoting *Leasepartners Corp.*, 942 P.2d at 187)). Davis's claim arises out of an alleged violation of the terms of a legal contract between her and Citi, namely the charging of a fee she alleges was not authorized by the terms of the HELOC. Compl. ¶¶ 25-26. Therefore, as Davis effectively concedes the presence of a legal contract, the Court should dismiss Davis's unjust enrichment claim as it fails as a matter of law. *See Williams v. JPMorgan Chase Bank*, 452 Fed. App'x 799, 800 (9th Cir. 2011).

---

[2]      The elements of unjust enrichment are functionally the same in Nevada as under Missouri law. *See Hertz Corp. v. Raks Hospitality, Inc.*, 196 S.W.3d 536, 543-44 (Mo. Ct. App. 2006) ("A claim for unjust enrichment has three elements: a benefit conferred by a plaintiff on a defendant; the defendant's appreciation of the fact of the benefit; and the acceptance and retention of the benefit by the defendant in circumstances that would render that retention inequitable."). Were this court to deem Missouri law controlling, the arguments made herein would equally apply.

**ii.      The subordination fee was authorized by the HELOC agreement.**

Additionally, or in the alternative, Davis's claim should be dismissed because the HELOC agreement did in fact "contain [a] provision regarding the charge for a subordination fee." Compl. ¶ 25. The HELOC deed of trust specifically required that Davis "not enter into any agreement with the holder of a Prior Deed of Trust whereby such Prior Deed of Trust, or the indebtedness secured thereby is modified, amended, extended or renewed, without Our prior written consent." Ex. 2, Deed of Trust at 3 ¶ 3. This provision granted Citi an unqualified right to deny its consent to the subordination of its security interest to Davis's refinanced obligation to Chase.

"Where a contract allows a bank to withhold consent for particular conduct and sets no express restrictions on the bank's right to do so, the bank is not prohibited from unreasonably or arbitrarily withholding such consent." *See State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 170 (2d Cir. 2004). In such instances, a bank's conditioning its consent on the receipt of a further economic benefit—even one not explicitly contemplated in contract documents—is not improper. *See id.*; *see also McCune v. Nat'l City Bank*, 701 F.Supp.2d 797, 806 (E.D.Va. 2010). Citi did nothing more than condition its consent on a small payment, and it was well within its rights to do so under the HELOC.

Additionally, the HELOC agreement, in a section entitled "Other Charges," stated that "You [Davis] may have to pay a fee to release a prior lien or security interest in the Property." Ex. 2, Agreement at 3 ¶ 5(i). Because the refinancing required the release of a prior security interest, the subordination fee Citi charged was in fact explicitly provided for by the HELOC agreement.

Given these contractual terms, Davis has failed to allege facts tending to show that the subordination fee was unauthorized, or that Citi's retention of the fee is inequitable or unjustified. In the absence of such factual averments, Davis has failed to state a claim for unjust enrichment as a matter of law, and the Court should dismiss her claim brought on this ground. *See Leasepartners Corp.*, 942 P.2d at 187; *Hertz Corp.*, 196 S.W.3d at 543-44; *see also* 66 Am. Jur. 2d Restitution & Implied Contracts § 11 ("The most significant element of the doctrine of unjust enrichment is whether the enrichment of the defendant is unjust; the doctrine does not apply simply because the defendant may have benefited as a result of the actions of the plaintiff." (citations omitted)).

C.   **Davis has failed to state a deceptive trade practices claim against Citi.**

In her second cause of action, Davis alleges that Citi's subordination fee constituted a deceptive trade practice under the Missouri Merchandising Practices Act ("MMPA") either because "Citi has no provision in its HELOC agreement which permits Citi to charge a subordination fee," Compl. ¶ 31, or because Citi's "requirement that [Davis] obtain a subordination of the HELOC and incur the subordination fee [was] contrary to" Article 9 of the U.C.C. Compl. ¶¶ 33-35.

To survive a motion to dismiss on this claim, Davis must allege facts sufficient to prove that Citi (1) used an unfair trade practice or concealed a material fact, (2) in connection with the sale or advertisement of goods or services, (3) resulting in an ascertainable economic loss, (4) to a person it sold its goods or services to. *See* Mo. Rev. Stat. §§ 407.020, 407.025.

Here, Davis's claim fails because she has not sufficiently alleged an unfair trade practice or concealment of a material fact. She has alleged only that Citi concealed from her the possibility of a subordination fee as it entered into and serviced the HELOC agreement with her.

*See* Compl. ¶¶ 29-32. As discussed above, the HELOC agreement and deed of trust explicitly provided for fees like the subordination fee that was charged to Davis. *See supra* Part B.ii. Therefore, no material facts were omitted by Citi in providing the service at issue, and Davis can assert no MMPA claim on this ground.

Furthermore, Davis's U.C.C. argument is nonsensical. U.C.C. Article 9 simply does not extend to security interests in real property, except under limited circumstances. None of those circumstances are applicable here. *See* U.C.C. § 9-109(a); U.C.C. § 9-109(d) ("This article does not apply to . . . the creation or transfer of an interest in or lien on real property."). Davis's claim is therefore wholly unavailing, if not frivolous.

As a result, Davis has failed to state a claim for deceptive trade practices against Citi as a matter of law, and the Court should dismiss her claim brought on this ground.

**D.    Davis has failed to state a fraud claim against Citi.**

In her third cause of action, Davis alleges that Citi "knowingly and arbitrarily sprung upon Plaintiffs [sic] a fee for doing that which it had already agreed to do," Compl. ¶ 39, constituting fraud. In so stating her claim, Davis completely fails to meet her pleading burden under Federal Rule of Civil Procedure 9(b).

Pursuant to Rule 9(b), "[a] plaintiff who makes allegations based on fraud must state with particularity the circumstances constituting the fraud." *E-Shops Corp. v. U.S. Bank Nat'l Ass'n*, 678 F.3d 659, 663 (8th Cir. 2012). "Conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908 (8th Cir. 2007) (quoting *Commercial Prop. Invs. v. Quality Inns Int'l Inc.*, 61 F.3d 639, 644 (8th Cir. 1995)).

Under Missouri law, "[t]he elements of fraud are: 1) a representation; 2) its falsity; 3) its materiality; 4) the speaker's knowledge of its falsity, or his ignorance of its truth; 5) the speaker's intent that it should be acted on by the person and in the manner reasonably contemplated; 6) the hearer's ignorance of the falsity of the representation; 7) the hearer's reliance on the representation being true; 8) his right to rely thereon; and, 9) the hearer's consequent and proximately caused injury." *Heberer v. Shell Oil Co.*, 744 S.W.2d 441, 443 (Mo. 1988).

Davis alleges only that Citi knew that it would impose "additional, hidden, and undisclosed fees just prior to closing" and that it "knowingly and arbitrarily sprung upon Plaintiffs [sic] a fee for doing that which it had already agreed to do." Compl. ¶¶ 38-39. Accordingly, Davis has failed to plead fraud sufficiently in a number of respects. First, she has not identified with particularity any statements that Citi made that were false, when these statements were made, and who made them. Without identifying the "who, what, when, where and how" of any such statement, her claim fails. *See Great Plains Trust Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007) (quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990)). Second, she has not alleged that she relied on any such statements, that she had a right to rely on them, or that such reliance was reasonable. *Mitec Partners, LLC v. U.S. Bank Nat'l Ass'n*, 605 F.3d 617, 624-25 (8th Cir. 2010) (holding that justifiable reliance is a necessary element of fraud). As a result, Davis has failed to meet the Rule 9(b) pleading standards for fraud, and the Court should dismiss her claim brought on this ground.

**E.     Davis's SMLA claim fails as a matter of law and is preempted by the National Bank Act.**

In her fourth cause of action, Davis alleges that, because subordination fees do not appear in a schedule of allowable fees set out in the SMLA, *see* Mo. Rev. Stat. § 408.233, Citi's subordination fee was illegal under that act. Compl. ¶¶ 46-47. Davis's claim on this ground fails for two reasons: (i) as with her claim brought under Article 9 of the U.C.C., it relies on a fundamental and severe misreading of the statute at issue; and (ii) additionally or in the alternative it is preempted by the National Bank Act.

**i.     The SMLA does not apply to the subordination fee at issue.**

Davis's SMLA claim fails as a matter of law because the SMLA is inapplicable to the subordination fee at issue. The SMLA, including its fee restrictions cited by Davis, does "not apply to any loans on which the rate of interest and fees charged are lawful under Missouri law without regard to the rates permitted in subsection 1 of this section and the fees permitted in section 408.233." Mo Rev. Stat § 408.232.4. Thus, a plaintiff seeking to bring a claim under the SMLA first needs to establish an illegality in the interest rates or fees charged by the lender independently of the SMLA before the restrictions of the SMLA apply. So, before Davis can allege that the subordination fee violates § 408.233 of the SMLA, she also must identify an additional illegality either in the HELOC's interest rate or in its fees. *See Avila v. Cmty. Bank of Va.*, 143 S.W.3d 1, 4 (Mo. Ct. App. 2003).

As a nationally-chartered bank, Citi's interest rates are regulated by the National Bank Act, 12 U.S.C. § 85. *Mamot Feed Lot & Trucking v. Hobson*, 539 F.3d 898, 902 (8th Cir. 2008). The Supreme Court has consistently held that the National Bank Act completely preempts state regulation with respect to nationally-chartered banks like Citi. *See, e.g., Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 10-11 (2003). Therefore, in order for Davis to plead that Citi's interest

rates were unlawful "under Missouri law" within the meaning of § 408.232.4, she would have to allege a violation of § 85 of the National Bank Act. Davis has not done so, and cannot allege such a violation. *Compare* § 85, *with* Ex. 2, Agreement at 1-3. Accordingly, her claim must be dismissed.

Alternatively, even if the National Bank Act did not govern disposition of this matter, which it does, then the Missouri default maximum interest rate of the greater of 10% or the "market rate" would apply. *See* Mo. Rev. Stat. § 408.030.1. The HELOC did not violate these rates either. S*ee* Ex. 2, Agreement at 1-3. Thus, even under this reading of the law, Davis's claim fails as a matter of law.

In the absence of illegality extrinsic to the SMLA, Davis cannot avail herself of a cause of action under the SMLA, because the SMLA simply does not apply to the HELOC. Therefore, the Court should dismiss her claim brought on this ground.

### ii.    Davis's SMLA claim is preempted by the National Bank Act.

Additionally, and in the alternative, Davis's SMLA claim fails because it is squarely preempted by the National Bank Act. Citi is a national bank chartered under the National Bank Act. For such institutions, all state-law usury claims are completely preempted by the usury provisions of the National Bank Act, 12 U.S.C. §§ 85, 86. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 10-11 (2003) ("Because §§ 85 and 86 provide the exclusive cause of action for [usury] claims, there is, in short, no such thing as a state-law claim of usury against a national bank."). Therefore, if Davis's SMLA claim qualifies as a usury claim, it fails as a matter of law and should be dismissed.

Usury for the purposes of the National Bank Act is defined as "[t]he taking, receiving, reserving, or charging a rate of interest greater than is allowed by [12 U.S.C. § 85]. 12 U.S.C.

§ 86. As used in these sections, "interest" is defined broadly as including, *inter alia*, "any payment compensating a creditor or prospective creditor for an extension of credit, making available of a line of credit, or *any default or breach by a borrower of a condition upon which credit was extended*." 12 C.F.R. § 7.4001(a) (emphasis added). Numerous fees are explicitly included within this definition of interest, *see id.*, and fees "are not excluded from the NBA's definition of interest simply because the fees do not vary depending on the amount owed or the length of the delay." *Phipps v. F.D.I.C.*, 417 F.3d 1006, 1011-12 (8th Cir. 2005).

Under this standard, Davis's subordination fee was clearly interest for the purposes of the National Bank Act. Citi extended credit through the HELOC to Davis on the condition that Davis would "not enter into any agreement with the holder of a Prior Deed of Trust whereby such Prior Deed of Trust, or the indebtedness secured thereby is modified, amended, extended or renewed, without Our prior written consent." Ex. 2, Deed of Trust at 3 ¶ 3. Davis entered into an agreement to modify Chase's deed of trust without Citi's prior written consent, only informing Citi after receiving conditional approval, and the subordination fee charged as a result is therefore clearly interest within the meaning of 12 U.S.C. §§ 85 and 86.

## IV.    CONCLUSION

To summarize, Davis's unjust enrichment claim arises out of contract and concerns a payment that was provided for by that contract; Davis's deceptive trade practices claim relies either on a fictitious omission of fact or an inapplicable chapter of the U.C.C.; Davis's fraud claim does not meet the heightened pleading standards for fraud; and Davis's SMLA claim fails because the SMLA is inapplicable to the HELOC, or, in the alternative, is preempted by the National Bank Act. For all of these reasons, the Court should dismiss Davis's Petition in its entirety with prejudice.

Dated: June 27, 2014                    Respectfully submitted,

                                        BRYAN CAVE LLP


                                        By:/s/ Louis F. Bonacorsi
                                           Louis F. Bonacorsi, #28331MO
                                           lfbonacorsi@bryancave.com
                                           Jason A. Kempf, #59897MO
                                           jason.kempf@bryancave.com
                                           William O. Scharf, #93449FL
                                           will.scharf@bryancave.com
                                           211 North Broadway, Suite 3600
                                           St. Louis, MO 63102
                                           (314) 259-2000; (314) 259-2020 (facsimile)

                                           *Attorneys for Defendant*
                                           *Citibank, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served via electronic service to all parties of record on the 27th day of June, 2014.

**BICK & KISTNER, P.C.**
Elkin L. Kistner, #35287MO
elkinkis@bick-kistner.com
101 South Hanley Road, Suite 1280
St. Louis, Missouri 63105
(314) 571-6823; (314) 727-9071 (facsimile)

**LAW OFFICES OF DAVIS & GARVIN**
James W. Davis, #36921MO
jdavis@davisgarvinlaw.com
325 N. Kirkwood Road, Suite 210
St. Louis, Missouri 63122
(314) 822-8100 Ext. 22; (314) 965-3369 (facsimile)

**ROBERTS, WOOTEN & ZIMMER, L.L.C.**
Kevin C. Roberts, #31578MO
kevinroberts@rwzlaw.com
P.O. Box 888
Hillsboro, Missouri 63050
(636) 797-2693

/s/  Louis F. Bonacorsi