UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA K. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:14 CV 1129 CDP |
| | ) | |
| CITIBANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

Plaintiff Cynthia K. Davis originally filed this action in Missouri state court. Defendant Citibank, N.A. removed the case to this court citing both federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act (CAFA). This matter is before me now on Davis's motion to remand. Because I find that this court has original subject matter jurisdiction in this case under CAFA, I will deny Davis's motion.

**I.   Background[1]**

Davis and her husband own a property that is subject to a second mortgage in the form of a home equity line of credit (HELOC) executed in favor of Citibank. The HELOC has a credit limit of $108,500 with a regular annual percentage rate of

---

[1] The facts that follow are taken from the allegations set out in Davis's complaint.

9.625%. In September 2011, Citibank agreed to subordinate the HELOC to another mortgage and charged the Davises a $200 subordination fee to do so.

In her complaint, Davis alleges that Citibank's imposition of the subordination fee constitutes unjust enrichment and fraud and violates Missouri's Merchandising Practices Act, Mo. Rev. Stat. § 407.020, and Second Mortgage Loan Act, Mo. Rev. Stat. § 408.231, *et seq*. Davis has brought her claims as a class action on behalf of herself and others who are similarly situated, and she seeks to recover actual and punitive damages as well as attorneys' fees.[2] In its removal notice, Citibank claims that this court has jurisdiction in this case under CAFA because there is minimal diversity between the parties and the amount in controversy exceeds $5 million.

Davis' complaint alleges, in paragraph 17, that "it is estimated that there are hundreds of members" of the class. Despite this allegation, she challenges this court's CAFA jurisdiction exclusively on the grounds that Citibank failed to plead in its notice of removal that the plaintiff class consists of at least 100 members.

Based on the face of plaintiff's complaint and the notice of removal filed by Citibank, I conclude that this court has original subject matter jurisdiction over this case under CAFA, and so I will deny plaintiff's motion to remand. However,

---

[2] Under Missouri's Second Mortgage Loan Act, actual damages would likely include interest paid on the HELOC. *See* Mo. Rev. Stat. § 406.236.1 and *Mitchell v. Residential Funding Corp.*, 334 S.W.3d 477, 506-07 (Mo. App. W.D. 2010).

because Citibank failed to technically allege all of the proper jurisdictional elements for CAFA in its removal notice, I am also ordering Citibank to file an amended notice.

## II. Discussion

A defendant normally may remove an action from state court to federal court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441; *see also In re Bus. Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993) (party seeking removal bears burden of establishing federal subject-matter jurisdiction). A defendant desiring to remove any civil action from a state court must file in federal district court, among other things, a notice of removal containing a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a). A notice of removal must include the factual allegations necessary to support jurisdiction. *Jones v. Three Rivers Elec. Co-op.*, 166 F.R.D. 413, 414 (E.D. Mo. 1996).

A federal court has subject matter jurisdiction under CAFA when the following three elements are satisfied: (1) minimal diversity; (2) a proposed class containing at least 100 members; and (3) an amount in controversy that is at least $5 million in the aggregate. 28 U.S.C. §1332(d); *Plubell v. Merck & Co.*, 434 F.3d 1070, 1071 (8th Cir. 2006). "CAFA should be read broadly, with a strong preference that interstate class actions should be heard

in a federal court if properly removed by any defendant." *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 789 (8th Cir. 2012).  A defendant seeking to remove on CAFA grounds must establish by a preponderance of the evidence each of the three jurisdictional elements.  *City of O'Fallon, Mo. v. CenturyLink, Inc.*, 930 F. Supp. 2d 1035, 1039 (E.D. Mo. 2013) *citing Rowling v. Nestle Holdings*, Inc., 666 F.3d 1069, 1071 (8th Cir.2012). Under CAFA, "the court's jurisdiction is measured either at the time the action is commenced or, more pertinent to this case, at the time of removal." *Brown v. Mortg. Elec. Registration Sys., Inc.*, 738 F.3d 926, 932 (8th Cir. 2013) (internal quotations and citations omitted).

Davis argues that Citibank failed "to carry its burden to allege that CAFA endows this Court with subject matter jurisdiction" because it failed to plead in its removal notice that the proposed plaintiff class contains at least 100 members.  Citibank does not dispute that it failed to plead class size.  Instead, it responds that it was not required to plead that the plaintiff class contained at least 100 members because plaintiff admitted to this in her complaint.  Citibank also argues that it was only required to allege a "short and plain statement of the grounds for removal" and not "mechanically recite each and every element of the grounds for removal asserted." Citibank has noted that it would readily amend its notice of removal to

properly assert class size.  The parties cited essentially no case law in support of their points on this issue.

To the extent Davis is arguing that this court lacks subject matter jurisdiction over her claims because of defendant's technical pleading defect, her argument fails.  The class size is apparent from the face of Davis's complaint, and this is sufficient to meet the CAFA jurisdictional requirement for numerosity.  *See Brown*, 738 F.3d at 932 (looking to the face of the complaint to determine class numerosity); *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 789-790 (8th Cir. 2012) (looking to original complaint to determine amount in controversy); *Law Offices of K.C. Okoli, P.C. v. BNB Bank, N.A.*, 481 Fed.Appx. 622, 625 (2d Cir. 2012) (CAFA numerosity requirement was met for purposes of subject matter jurisdiction based on the face of complaint despite defendant's failure to allege class numerosity) *cited in Brown*, 738 F.3d at 932.

Having found that this court has subject matter jurisdiction, the question becomes whether defendant's pleading defect alone is grounds for remand, and I conclude that it is not.  If the procedure for removing a case is defective, the preferred result is to continue to allow the defect to be cured so the removed action can remain in federal court.  *Scoular Co. v. DJCB*

*Farm Partnership*, No. 2:09CV61 WRW, 2009 WL 2241592, at *3 (E.D. Ark. July 24, 2009).

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. Specifically, a notice of removal may be amended without leave from the court during the 30 day period during which removal may be filed under 28 U.S.C. § 1446(b). *City of St. Louis v. Bindan Corp.*, 295 F.R.D. 392, 395 (E.D. Mo. 2013) (internal citations omitted). After the 30 day period, a notice of removal may be amended to add specific facts supporting the originally stated grounds for removal or clarify the grounds for removal as stated in the original notice. *Id.*; *Berry v. Renaissance Hotel Management, LLC*, No. 4:09-CV-1261 CAS, 2009 WL 3246872 (E.D. Mo. Oct. 6, 2009); *Logan v. Value City*, No. 4:08-CV-19 CAS, 2008 WL 509542 (E.D. Mo. Feb. 22, 2008); *see also Northern Illinois Gas Co. v. Airco Indus. Gases, a Division of Airco Inc.*, 676 F.2d 270, 273 (7th Cir. 1982)("even after the 30 days have elapsed, amendment to correct defective allegations of jurisdiction are permitted under 28 U.S.C. § 1653").

Amendments to a removal notice "should be permitted, to implement the spirit of the [removal] statute…where the jurisdictional facts do indeed exist, and the parties are in law entitled to invoke the jurisdiction of the

- 6 -

federal court." *Roberts v. Panhandle Eastern Pipe Line Co.*, 737 F. Supp. 545, 548 (W.D. Mo. 1990); *see also Reaves v. Wal-Mart Stores East, L.P.*, No. 4:05-CV-1055, 2005 WL 2172049 (E.D. Mo. Aug. 23, 2005) (granting leave to amend removal notice where pre-requisites for diversity jurisdiction were satisfied and plaintiff would not be prejudiced); *City of University City, Missouri v. AT&T Wireless Services, Inc.,* 229 F. Supp. 2d 927, 930-31 (E.D. Mo. 2002) (defendants could correct a failure to allege the jurisdictional amount in controversy where their original notice of removal made it clear that they were alleging diversity jurisdiction).

    Although it is not entirely clear to me whether Citibank was required to allege class size in this instance, its failure to do so was no more than a technical defect, and Citibank should be permitted to amend its removal notice to correct the mistake. Citibank clearly alleged the existence of CAFA jurisdiction in its removal notice. Therefore, permitting the defendant to amend its notice to assert class size permits it only to add specific facts clarifying its originally stated ground for removal. Furthermore, that there are "hundreds" of potential class members was a fact known to both parties at the time Citibank filed its notice of removal. To remand the case on Citibank's failure to allege class numerosity, where numerosity is apparent from the face of plaintiff's complaint, would

- 7 -

improperly deprive defendant of its right to litigate this matter in federal court.  *See LeNeave v. N. Am. Life Assur. Co.*, 632 F. Supp. 1453, 1455 (D. Minn. 1986) (denying opportunity to amend would "tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts").  As such, I will deny Davis's motion to remand and permit Citibank to file an amended notice of removal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Cynthia K. Davis's motion to remand is **DENIED**.

**IT IS FURTHER ORDERED** that defendant Citibank, N.A., in accordance with the foregoing, shall file an amended notice of removal within 10 days of the date of this order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 24th day of November, 2014.