**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CYNTHIA K. DAVIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    No. 4:14-cv-01129-CDP |
| | ) |
| CITIBANK, N.A., | ) |
| | ) |
|     Defendant. | ) |

**DEFENDANT'S ANSWER**

Defendant, Citibank, N.A. ("Citi"), hereby answers Plaintiff's Petition for Damages ("Complaint").

**PARTIES TO THIS ACTION**

1.  Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 and therefore denies the same.

2.  Citi admits that it is a national bank chartered by the Office of the Comptroller of the Currency, authorized to do business in the State of Missouri, and having its principal place of business in the State of South Dakota. Citi denies the remaining allegations in paragraph 2.

**VENUE AND JURISDICTION**

3.  Citi denies the allegations in paragraph 3.

4.  Citi admits the allegations in paragraph 4.

5.  Citi states that the allegations in paragraph 5 are legal conclusions to which no response is required. To the extent a response is required, Citi denies the same.

1

## STATEMENT OF FACTS

6. Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 and therefore denies the same.

7. Citi admits the allegations in paragraph 7.

8. Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 and therefore denies the same.

9. Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9 and therefore denies the same.

10. Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 and therefore denies the same.

11. Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 and therefore denies the same.

12. Citi's letter of October 13, 2011, to Plaintiff speaks for itself. Citi denies the remaining allegations in paragraph 12.

13. Citi denies the allegations in paragraph 13.

14. Citi admits it requested a $200.00 fee from Plaintiff in connection with Plaintiff's attempt to refinance her senior mortgage. Citi further admits that this fee was charged by Citi and paid by Plaintiff as referenced in Citi's letter of October 13, 2011, to Plaintiff. Citi lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 14 and therefore denies the same.

## CLASS ACTION ALLEGATIONS

15. Citi states that the allegations in paragraph 15 are legal conclusions to which no response is required. To the extent a response is required, Citi denies the same.

16. Citi denies the allegations in paragraph 16.

17. Citi denies the allegations in paragraph 17.

18. Citi denies the allegations in paragraph 18.

19. Citi denies the allegations in paragraph 19.

20. Citi lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 and therefore denies the same.

21. Citi denies the allegations in paragraph 21.

## COUNT I

### UNJUST ENRICHMENT

22. Citi hereby incorporates by reference its answers to paragraphs 1 through 21 above as if set forth fully herein.

23. Citi admits the allegations in paragraph 23.

24. Citi's letter of October 13, 2011, to Plaintiff speaks for itself. Citi admits that Plaintiff agreed to pay and paid a fee of $200.00 for Citi's subordination of its interest in the property at issue as part of Plaintiff's refinancing of a senior mortgage. Citi denies the remaining allegations in paragraph 24.

25. The Home Equity Line of Credit Agreement ("HELOC Agreement") between Citi and Plaintiff speaks for itself. Citi denies the remaining allegations in paragraph 25.

26. Citi denies the allegations in paragraph 26.

27. The HELOC Agreement speaks for itself. Citi denies the remaining allegations in paragraph 27.

## COUNT II

### DECEPTIVE PRACTICES: CONSUMER FRAUD AND FAIR MERCHANDISING PRACTICES ACT

28. Citi hereby incorporates by reference its answers to paragraphs 1 through 27 above as if set forth fully herein.

29. Citi states that the allegations in paragraph 29 contain legal conclusions to which no response is required. To the extent a response is required, Citi denies the same.

30. Citi states that the allegations in paragraph 30 contain legal conclusions to which no response is required. To the extent a response is required, Citi denies the same.

31. The HELOC Agreement speaks for itself. Citi denies the remaining allegations in paragraph 31.

32. Citi denies the allegations in paragraph 32.

33. Citi states that the allegations in paragraph 33 contain legal conclusions to which no response is required. To the extent a response is required, Citi denies the same.

34. Citi states that the allegations in paragraph 34 contain legal conclusions to which no response is required. To the extent a response is required, Citi denies the same.

35. Citi states that the allegations in paragraph 35 contain legal conclusions to which no response is required. To the extent a response is required, Citi denies the same.

36. Citi states that the allegations in paragraph 36 contain legal conclusions to which no response is required. To the extent a response is required, Citi denies the same.

## COUNT III

### FRAUD

37.–42. Citi does not answer the allegations in paragraphs 37 through 42 because Count III has been dismissed by the Court. Citi refers Plaintiff to the Court's Memorandum and Order

dismissing Counts III (Fraud) and IV (Missouri's Second Mortgage Loan Act) on March 4, 2015. Dkt. #21. To the extent a response is required, Citi denies the allegations in paragraphs 37 through 42.

## COUNT IV

### VIOLATION OF MISSOURI SECOND MORTGAGE LOAN ACT

43.–48. Citi does not answer the allegations in paragraphs 43 through 48 because Count IV has been dismissed by the Court. Citi refers Plaintiff to the Court's Memorandum and Order dismissing Counts III (Fraud) and IV (Missouri's Second Mortgage Loan Act) on March 4, 2015. Dkt. #21. To the extent a response is required, Citi denies the allegations in paragraphs 43 through 48.

WHEREFORE, having fully answered, Citi respectfully prays that Plaintiff's Complaint be dismissed, for its costs expended herein, and for such other and further relief that the Court deems just and proper.

### AFFIRMATIVE DEFENSES

Citi hereby submits its Affirmative Defenses to Plaintiff's Complaint:

1. Plaintiff's Complaint fails to state claims upon which relief may be granted.

2. The claims asserted by Plaintiff, both as an individual and as a representative of a purported class, are barred, in whole or in part, by the doctrines of waiver, estoppel, or consent.

3. The claims asserted by Plaintiff, both as an individual and as a representative of a purported class, are barred, in whole or in part, by the voluntary payment doctrine.

4. The claims asserted by Plaintiff, both as an individual and as a representative of a purported class, are barred, in whole or in part, by the doctrine of acquiescence.

5. Plaintiff's claims fail because Citi's alleged conduct was justified by Plaintiff's prior breach of contract.

6. Plaintiff's claims fail because any damages incurred by Plaintiff were caused by Plaintiff's own conduct.

WHEREFORE, Citi respectfully prays that Plaintiff's Complaint be dismissed, for its costs expended herein, and for such other and further relief that the Court deems just and proper.

Dated: March 31, 2015  Respectfully submitted,

BRYAN CAVE LLP


By:/s/ Louis F. Bonacorsi
Louis F. Bonacorsi, #28331MO
lfbonacorsi@bryancave.com
Jason A. Kempf, #59897MO
jason.kempf@bryancave.com
Alicia E. Ragsdale #66168MO
ali.ragsdale@bryancave.com
211 North Broadway, Suite 3600
St. Louis, MO 63102
(314) 259-2000; (314) 259-2020 (facsimile)

*Attorneys for Defendant*
*Citibank, N.A.*


**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2015, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.


/s/  Louis F. Bonacorsi

6