**From:** elkinkis
**Sent:** Wednesday, April 08, 2015 11:06 AM
**To:** Bonacorsi, Louis; 'Kempf, Jason'; Ragsdale, Ali
**Cc:** 'Kevin Roberts'; jdavis@davisgarvinlaw.com
**Subject:** Davis v Citibank JOINT PROPOSED SCHEDULING PLAN.doc

Lou, et al., please review the attached draft of a proposed scheduling order. We'd like to hear from you by early next week as to what you think of it. Thanks, Elkin

Elkin L. Kistner
Bick & Kistner, P.C.
101 So. Hanley Rd., Suite 1280
St. Louis, MO 63105
Direct 314-571-6823
Switchboard 314-727-0777
Fax 314-727-9071

The Missouri Bar Association requires that I notify the recipient of this e-mail that (1) e-mail communication is not a secure method of communication, (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from us to you or vice versa, (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or our computers or even some computer unconnected to either of us which the e-mail passes through.

1

EXHIBIT 1

**DRAFT**
4/8/15 A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA K. DAVIS, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case Number: 4:14-cv-01129-CDP |
| v. ) | |
| ) | |
| CITIBANK, N.A., ) | |
| ) | |
| ) | |
| Defendant. ) | |

## JOINT PROPOSED SCHEDULING PLAN

COME NOW the parties, by and through their attorneys, and respectfully submit a Joint Proposed Scheduling Plan pursuant to this Court's March 12, 2015 Order Setting Rule 16 Conference (Doc. # 22):

I.  **Scheduling Plan:**

   A.   This case should be assigned to Track 3.

   B.   All motions for joinder of additional parties or amendment of the pleadings should be filed no later than October 10, 2015.

   C.   Discovery shall proceed in the following manner:

   1.   The parties shall make all disclosures required by F.R. Civ.P. 26(a)(1) no later than June 15, 2015.

   2.   Discovery shall be conducted in phases and shall be limited as follows:

   (a)   discovery focused on class certification issues shall be conducted first;

(b)     followed by a phase of discovery that would commence following this Court's ruling on the Plaintiff's class certification motion that would focus on the parties' claims and defenses.

3.   RULE 26(a)(2) DISCLOSURES.

(a)     Plaintiff shall disclose her expert witnesses and shall provide the reports required by Rule 26(a)(2), FED. R. CIV. P., no later than **December 1, 2015**, and shall make expert witnesses available for depositions, and have depositions completed, no later than **January 4, 2016**.

(b)     Defendants shall disclose their expert witnesses and shall provide the reports required by Rule 26(a)(2), FED. R. CIV. P., by **February 1, 2016**. Defendants shall make responsive expert witnesses available for depositions, and have depositions completed, by **March 1, 2016**.

4.   AVOIDING PERSONAL INFORMATION IN CIVIL CASE TRANSCRIPTS. In an effort to reduce the amount of information that would need to be redacted from final transcripts, attorneys are not to use or request from witnesses' social security numbers, minors' names, or bank account numbers.

5.   ELECTRONICALLY STORED INFORMATION. Electronically stored information shall be disclosed and produced in electronic form.

6.   PRESUMPTIVE LIMITS. The presumptive limit of twenty-five (25) interrogatories per party as set forth in Rule 33(a), FED. R. CIV. P., shall not apply, nor shall the presumptive limit of ten (10) depositions per side as set forth in Rule 30(a)(2)(A), Fed. R. Civ. P., apply.

7.      PHYSICAL OR MENTAL EXAMINATIONS. The parties do not anticipate the need for any physical or mandate examinations of parties pursuant to Rule 25, Fed. R. Civ. P.

8.      DISCOVERY COMPLETION. The parties shall complete all discovery in this case from parties and non-parties no later than **April 4, 2016.**

9.      Inadvertent production of materials protected from disclosure by privilege or work product: The parties agree that they shall employ a "clawback" type agreement, embodied in an Order of this Court. Proposed text for same is as follows:

> Materials Subject to Legal Privilege. If information subject to a claim of attorney-client privilege, attorney work product or any other legal privilege protecting information from discovery is inadvertently produced to a party or parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the producing party or other person would otherwise be entitled. If a claim of inadvertent production is made pursuant to this paragraph, with respect to information then in the custody of another party, such party shall promptly (subject to any motion made by the non- designating party referenced in the last sentence of this paragraph) return to the claiming party or person that material and all copies or reproductions thereof as to which the claim of inadvertent production has been made, shall destroy all notes or other work product reflecting the contents of such material, and shall delete such material from any litigation-support or other database. The party returning such material may then move the Court for an order compelling production of the material, but such motion shall not in any manner rely upon, or assert as a ground for entering such an order, information contained in any such returned materials or the fact or circumstances of inadvertent production.

10.     DISPOSITIVE MOTIONS. Any motions to dismiss, for summary judgment or motions for judgment on the pleadings must be filed no later than **April 11, 2016.**

11.     **ALTERNATIVE DISPUTE RESOLUTION**. The parties believe that referral of this action to Alternative Dispute Resolution ("ADR") would be appropriate after March 1, 2016, and that the parties should be required to complete ADR by April 1, 2016. Plaintiff's counsel shall serve as lead counsel for purpose of ADR reporting.

**II.    Trial.**

The parties submit that this case will be ready for a jury trial on or after **October 1,**

3

**2016**. It is anticipated that the length of time to try the case to verdict is approximately four days after jury selection.

**BICK & KISTNER, P.C.**

By: /s/ Elkin L. Kistner
    Elkin L. Kistner    #35287MO
    101 South Hanley Road, Suite 1280
    St. Louis, Missouri 63105
    Telephone: (314) 571-6823
    Facsimile: (314) 727-9071
    E-mail: elkinkis@bick-kistner.com
    *Attorneys for Plaintiff Cynthia K. Davis*

**LAW OFFICES OF DAVIS & GARVIN**

    James W. Davis    #36921MO
    325 N. Kirkwood Road, Suite 210
    St. Louis, Missouri 63122
    Telephone: (314) 822-8100 Ext. 22
    Facsimile: (314)965-3369
    E-mail: jdavis@davisgarvinlaw.com
    *Co-Counsel for Plaintiff Cynthia K. Davis*

**ROBERTS, WOOTEN & ZIMMER, L.L.C.**

    Kevin C. Roberts    #31578MO
    P.O. Box 888
    Hillsboro, Missouri 63050
    Telephone: (636) 797-2693
    E-mail: kevinroberts@rwzlaw.com
    *Co-Counsel for Plaintiff Cynthia K. Davis*

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on this ____ day of April, 2015 a copy of the foregoing document was served by this Court's CM/ECF electronic filing system upon the following:

Louis F. Bonacorsi
lfbonacorsi@bryancave.com
Jason A. Kempf
jason.kempf@bryancave.com
William O. Scharf
william.scharf@bryancave.com
Bryan Cave LLP
211 N. Broadway, Suite 3600
St. Louis, MO 63102
*Attorneys for Citibank, N.A.*

                /s/ Elkin L. Kistner

5