**From:** "Kempf, Jason" <jason.kempf@BryanCave.com>
**Date:** April 15, 2015 at 8:05:33 AM CDT
**To:** 'elkinkis' <elkinkis@bick-kistner.com>, Kevin Roberts <KevinRoberts@rwzlaw.com>,
"jdavis@davisgarvinlaw.com" <jdavis@davisgarvinlaw.com>
**Cc:** "Bonacorsi, Louis" <lfbonacorsi@BryanCave.com>, "Ragsdale, Ali" <Ali.Ragsdale@bryancave.com>
**Subject:** RE: Davis v Citibank JOINT PROPOSED SCHEDULING PLAN.doc

All,

Attached please find a redline with our edits to the proposed scheduling plan.  I will be
in all-day meetings and a deposition for the next two days, so please direct any
questions to Lou.

Thank you,

   **Jason A. Kempf**
*Associate*
jason.kempf@bryancave.com   T: +1 314 259 2306   M: +1 573 230 2980

---

**From:** elkinkis [mailto:elkinkis@bick-kistner.com]
**Sent:** Wednesday, April 08, 2015 11:06 AM
**To:** Bonacorsi, Louis; Kempf, Jason; Ragsdale, Ali
**Cc:** Kevin Roberts; jdavis@davisgarvinlaw.com
**Subject:** Davis v Citibank JOINT PROPOSED SCHEDULING PLAN.doc

Lou, et al., please review the attached draft of a proposed scheduling order. We'd like to hear from you
by early next week as to what you think of it. Thanks, Elkin

Elkin L. Kistner
Bick & Kistner, P.C.
101  So. Hanley Rd., Suite 1280
St. Louis, MO 63105
Direct 314-571-6823

1



EXHIBIT

2

**DRAFT**
~~4/8/15 A.M.~~

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CYNTHIA K. DAVIS, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case Number: 4:14-cv-01129-CDP |
| v. | ) | |
| | ) | |
| CITIBANK, N.A., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT PROPOSED SCHEDULING PLAN**

COME NOW the parties, by and through their attorneys, and respectfully submit a

Joint Proposed Scheduling Plan pursuant to this Court's March 12, 2015 Order Setting Rule 16

Conference (Doc. # 22):

**I.      Scheduling Plan:**

     A.      <u>The parties request that this action be designated as a Track 3 case given the</u>

<u>putative class action nature of the case.  The parties request that an additional scheduling</u>

<u>conference be set by the Court after the Court determines class certification to discuss the</u>

<u>schedule for any remaining merits discovery.</u>~~This case should be assigned to Track 3.~~

     B.      All motions for joinder of additional parties or amendment of the pleadings

should be filed no later than October 10, 2015.

     C.      Discovery shall proceed in the following manner:

1.      The parties shall make all disclosures required by F.R. Civ.P. 26(a)(1) no later than June 15, 2015. These disclosure shall be limited to Rule 23 issues of numerosity, commonality, typicality, and adequacy, as well as the merits of the named plaintiff's claim.

2.      Discovery shall be conducted in phases and shall be limited as follows:

(a)      discovery focused on class certification issues shall be conducted first;

(b)      followed by a phase of discovery that would commence following this Court's ruling on the Plaintiff's class certification motion that would focus on the parties' claims and defenses.

3.      RULE 26(a)(2) DISCLOSURES.

(a)      These disclosure shall be limited to Rule 23 issues of numerosity, commonality, typicality, and adequacy, as well as the merits of the named plaintiff's claim.

(b)      Plaintiff shall disclose her expert witnesses and shall provide the reports required by Rule 26(a)(2), FED. R. CIV. P., no later than **December 1, 2015**, and shall make expert witnesses available for depositions, and have depositions completed, no later than **January 4, 2016**.

(c)      Defendants shall disclose their expert witnesses and shall provide the reports required by Rule 26(a)(2), FED. R. CIV. P., by **February 1, 2016**.  Defendants shall make responsive expert witnesses available for depositions, and have depositions completed, by **March 1, 2016**.

4.      AVOIDING PERSONAL INFORMATION IN CIVIL CASE TRANSCRIPTS. In an effort to reduce the amount of information that would need to be redacted from final transcripts, attorneys are not to use or request from witnesses' social security numbers, minors' names, or bank account numbers.

2

5.   ELECTRONICALLY STORED INFORMATION.  Electronically stored information shall be disclosed and produced in electronic form. The parties agree to provide electronically stored information in searchable .pdf or .tif format.

6.   PRESUMPTIVE LIMITS.  The presumptive limit of twenty-five (25) interrogatories per party as set forth in Rule 33(a), FED. R. CIV. P., shall not apply, nor shall the presumptive limit of ten (10) depositions per side as set forth in Rule 30(a)(2)(A), Fed. R. Civ. P., apply.

7.   PHYSICAL OR MENTAL EXAMINATIONS.  The parties do not anticipate the need for any physical or mandate examinations of parties pursuant to Rule 25, Fed. R. Civ. P.

8.   DISCOVERY COMPLETION.  The parties shall complete all-discovery on class certification issues in this case from parties and non-parties no later than **April 26, 2016.** The parties request that discovery prior to class certification be limited to Rule 23 issues of numerosity, commonality, typicality, and adequacy, as well as the merits of the named plaintiff's claim.

9.   The parties request that the Court schedule a status or case management conference after the Court decides Plaintiff's Rule 23 motion to discuss a schedule for any remaining merits discovery.

10.   Inadvertent production of materials protected from disclosure by privilege or work product: The parties agree that they shall employ a "clawback" type agreement, embodied in a joint Protective Order of to be submitted to this Court. Proposed text for same is as follows:

Materials Subject to Legal Privilege. If information subject to a claim of attorney-client privilege, attorney work-product or any other legal privilege protecting information from discovery is inadvertently produced to a party or parties, such production shall in no way

3

**Formatted:** Indent: Left: 0", First line: 0.5", Right: 0", Space Before: 0 pt, Line spacing: Double

~~prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the producing party or other person would otherwise be entitled.  If a claim of inadvertent production is made pursuant to this paragraph, with respect to information then in the custody of another party, such party shall promptly (subject to any motion made by the non- designating party referenced in the last sentence of this paragraph) return to the claiming party or person that material and all copies or reproductions thereof as to which the claim of inadvertent production has been made, shall destroy all notes or other work product reflecting the contents of such material, and shall delete such material from any litigation support or other database.  The party returning such material may then move the Court for an order compelling production of the material, but such motion shall not in any manner rely upon, or assert as a ground for entering such an order, information contained in any such returned materials or the fact or circumstances of inadvertent production.~~

10.   DISPOSITIVE MOTIONS.

 Plaintiff shall file her Rule 23 motion and all supporting evidence by May 24, 2016. Defendant shall file its opposition and all supporting evidence to Plaintiff's Rule 23 motion by June 21, 2016.  Plaintiff shall file her reply memorandum in support of her Rule 23 motion by July 19, 2016.

 ~~Any motions to dismiss, for summary judgment or motions for judgment on the pleadings must be filed no later than~~ ~~**April 11, 2016.**~~

 11. **ALTERNATIVE DISPUTE RESOLUTION**.  The parties believe that referral of this action to Alternative Dispute Resolution ("ADR") would be appropriate after March 1, 2016, and that the parties should be required to complete ADR by April 1, 2016.  Plaintiff's counsel shall serve as lead counsel for purpose of ADR reporting.

4

II.     **Trial.**

Not applicable at this time. The parties submit that this case will be ready for a jury trial on or after October 1,

2016.  It is anticipated that the length of time to try the case to verdict is approximately four days after jury selection.


**BICK & KISTNER, P.C.**

By:  /s/ Elkin L. Kistner
    Elkin L. Kistner                    #35287MO
    101 South Hanley Road, Suite 1280
    St. Louis, Missouri 63105
    Telephone:  (314) 571-6823
    Facsimile:  (314) 727-9071
    E-mail: elkinkis@bick-kistner.com
    *Attorneys for Plaintiff Cynthia K. Davis*

**LAW OFFICES OF DAVIS & GARVIN**

    James W. Davis                    #36921MO
    325 N. Kirkwood Road, Suite 210
    St. Louis, Missouri 63122
    Telephone:  (314) 822-8100 Ext. 22
    Facsimile:  (314)965-3369
    E-mail: jdavis@davisgarvinlaw.com
    *Co-Counsel for Plaintiff Cynthia K. Davis*

**ROBERTS, WOOTEN & ZIMMER, L.L.C.**

    Kevin C. Roberts                    #31578MO
    P.O. Box 888
    Hillsboro, Missouri 63050
    Telephone:  (636) 797-2693
    E-mail: kevinroberts@rwzlaw.com
    *Co-Counsel for Plaintiff Cynthia K. Davis*

**Formatted:** Keep with next

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this _____ day of April, 2015 a copy of the foregoing document was served by this Court's CM/ECF electronic filing system upon the following:

Louis F. Bonacorsi
lfbonacorsi@bryancave.com
Jason A. Kempf
jason.kempf@bryancave.com
William O. Scharf
william.scharf@bryancave.com
Bryan Cave LLP
211 N. Broadway, Suite 3600
St. Louis, MO 63102
*Attorneys for Citibank, N.A.*

/s/ Elkin L. Kistner_____

6