IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CYNTHIA K. DAVIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:14-cv-01129-CDP |
| CITIBANK, N.A., | ) ) ) |
| Defendant. | ) |

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS WITHOUT PREJUDICE

### INTRODUCTION

For the second time in less than three years, Plaintiff seeks to voluntarily dismiss without prejudice her unjust enrichment and Merchandising Practices Act claims against Citibank, N.A. ("Citi")—claims which arose out of Citi charging Plaintiff a subordination fee. However, Plaintiff's claims—which are substantively identical to the claims she previously dismissed—should be dismissed with prejudice. Alternatively, Citi requests that the Court deny Plaintiff's motion and proceed with a ruling on Citi's pending motion for summary judgment.

### PROCEDURAL HISTORY

Plaintiff initially filed unjust enrichment, MMPA, and fraud claims in a Missouri state court on August 29, 2013. That suit, entitled *Cynthia K. Davis v. J.P. Morgan Chase, N.A., Title Source, Inc. and Citibank, N.A.*, also involved claims for unjust enrichment and violations of the Missouri Merchandising Practices Act arising out of Plaintiff's payment of a $200 subordination fee to Citi. *See* Petition for Damages dated August 29, 2013, attached hereto as Exhibit A. That suit was removed to the District Court for the Eastern District of Missouri. *See* 4:13-cv-02075-JAR. Following removal, and faced with two motions to dismiss, Plaintiff filed a motion to voluntarily dismiss Citi without prejudice.

1

*See* Exhibit B. On December 23, 2013, Plaintiff's motion for voluntary dismissal without prejudice was granted. *Id.*

Thereafter, on April 25, 2014, Plaintiff *again* filed a petition in Missouri state court alleging unjust enrichment and violations of the Missouri Merchandising Practices Act arising from Citi's charging of the same $200 subordination fee. The matter was removed to this Court, where it has been pending for the past two years.

Over the past two years, Citi has incurred significant costs, fees, and expenses in litigating this matter. Notable events in this case include: briefing on Plaintiff's motion to remand (Dkt. 14); briefing on Citi's motion to dismiss (Dkt. 8), a Rule 16 Conference and *multiple* amendments to the case management order (Dkt. 22, 29, 33, and 44); Citi's Answer (Dkt. 27); a joint status conference and report (Dkt. 30); mediation (Dkt. 34 and 60); briefing on Plaintiff's motion for class certification (Dkt. 47, 48, 55); and briefing on Citi's motion for summary judgment (Dkt. 56-58) (Plaintiff's response is due June 24, 2016).

Following the completion of written discovery, Plaintiff filed her motion for class certification on May 4, 2016. (Dkt. 47-48.) On June 2, 2016, Citi deposed Cynthia K. Davis. Thereafter, Citi filed its opposition to class certification and a motion for summary judgment on June 3, 2016. (Dkt. 55-58.) The matter was mediated on July 14, which did not result in a settlement. (Dkt. 60.) Now, faced with Citi's motion for summary judgment and Citi's opposition to class certification, Plaintiff *again* seeks a voluntary dismissal without prejudice. (Dkt. 62.) This matter is set for a class certification hearing on July 8, 2016. (Dkt. 44).

## ARGUMENT

As noted above, this is Plaintiff's *second* dismissal in less than three years. Exhibit B. In December, 2013, Plaintiff filed a request for leave to voluntarily dismiss her claims against Citi. *Id.* Now, again faced with the possibility of an adverse ruling on the merits, Plaintiff seeks a second dismissal without providing any justification or reason for doing so.

2

As this Court noted in *Johnson v. Int'l Bhd. of Elec. Workers, Local 1*, No. 4:10-cv-2111-CDP, 2012 WL 368713, at *1-2 (E.D. Mo. Feb. 3, 2012):

> Once a defendant has answered the complaint in a case, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(2); *see also Hamm v. Rhone–Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999). "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side. Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987). Courts should consider the following factors in determining whether to grant a plaintiff's motion for voluntary dismissal: **(1) whether the defendant has expended considerable effort and expense in preparing for trial; (2) whether the plaintiff exhibited "excessive delay and lack of diligence" in prosecuting the case; (3) whether the plaintiff has presented a sufficient explanation for the desire to dismiss; and (4) whether the defendant has filed a motion for summary judgment.** *Id.* at 783.

Here, all of the factors weigh in favor of denying Plaintiff's motion to voluntarily dismiss without prejudice.

First, Citi has expended considerable effort in preparing this case for disposition. Over the past two years the parties have briefed numerous motions. Citi conducted thorough written discovery, third-party discovery, and even incurred the expense of taking Plaintiff's deposition—all in an effort to prepare for a class certification hearing and ultimate case disposition. Simply stated, this matter is ripe for adjudication on the merits.

Second, Plaintiff has clearly demonstrated a lack of diligence in prosecuting her case. Plaintiff did not submit *any* written discovery until a few months before her class certification motion was due. In responding to discovery, Plaintiff missed the deadline to respond to Citi's requests for admission (ultimately conceding this fact and eventually admitting all requests). Plaintiff took no depositions, propounded minimal discovery, and did absolutely no third-party discovery. Her motion for class certification is wholly unsupported. *See* Citi's opposition to class certification, Dkt. 55. Apparently, Plaintiff recognized the futility of her case here and did the bare minimum necessary to survive until mediation. Having failed to settle, Plaintiff now seeks to dismiss without prejudice so that she can take yet *another* bite at the apple in a different forum.

Third, Plaintiff has not provided *any* explanation for her request for a dismissal on the eve of the class certification hearing, let alone a "sufficient" explanation. Plaintiff only states that she hasn't compromised her claims, no one has attempted to intervene in the role of Plaintiff, and no prejudice will come to the putative class. *See* Dkt. 62. These statements do nothing to explain why this Court should grant Plaintiff's motion at this late stage in the proceeding. The only conclusion to be drawn from Plaintiff's lack of an explanation is that the explanation would not be palatable to the Court—i.e., forum shopping.

As the Eighth Circuit has noted, this Court must consider whether Plaintiff is seeking to engage in improper forum shopping:

> In addressing whether a district court should allow voluntary dismissal, we have repeatedly stated that it is inappropriate for a plaintiff to use voluntary dismissal as an avenue for seeking a more favorable forum. *See, e.g., Cahalan v. Rohan*, 423 F.3d 815, 818 (8th Cir. 2005) ("A party may not dismiss simply to ... seek a more favorable forum."). In the removal context, this rule coincides with other measures which "strike a balance between the plaintiff's right to select a particular forum and the defendant's right to remove the case to federal court." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011).

*Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1214-15 (8th Cir. 2011).

Here, jurisdiction in this Court was based on the Class Action Fairness Act. *See* 28 U.S.C. § 1332(d). Given that the Court dismissed the Missouri Second Mortgage Loan Act claim and discovery revealed that the number of subordination fee transactions was limited, the jurisdictional amount for class actions may not be met if Plaintiff were to dismiss and refile in state court. Accordingly, it is entirely possible that Plaintiff seeks a dismissal after two years of litigation and faced with summary judgment in order to improperly seek a more favorable forum.

Finally, Citi has filed a motion for summary judgment. Absent an extension, Plaintiff's opposition is due June 24. The motion will be fully briefed in advance of the class certification hearing scheduled for July 8 and will be ready for a ruling on the merits. To deny Citi the opportunity to receive

a substantive ruling on the merits after two years of litigation and after having fully briefed the motion for summary judgment would be highly prejudicial to Citi.

## **CONCLUSION**

Plaintiff has already litigated this matter once. When faced with multiple motions to dismiss, she decided to voluntarily dismiss. *See* Exhibit B. Now, again faced with a potential dispositive ruling, Plaintiff seeks to voluntarily dismiss *without* prejudice so that she can later refile in a more favorable forum. This Court has broad discretion in determining whether a dismissal under 41(a)(2) should be granted and any conditions for such dismissal. Citi requests that dismissal be **with prejudice** and that it be awarded costs for having to defend this suit for a second time.

Upon granting a voluntary dismissal, a court may, in its discretion, award costs to the defendant that were incurred in defending the action prior to the voluntary dismissal. *See Sequa Corp. v. Cooper*, 245 F.3d 1036, 1038 (8th Cir. 2001). The Eighth Circuit has stated that "district courts typically impose the condition that plaintiff pay the defendant **the reasonable attorney's fees incurred in defending the suit.**" *Belle–Midwest, Inc. v. Mo. Prop. & Cas. Ins. Guarantee Ass'n*, 56 F.3d 977, 978–79 (8th Cir. 1995). "In fact, [the Eighth Circuit] has held that under certain circumstances, it is an abuse of discretion for a district court not to condition a voluntary dismissal upon plaintiff's payment of costs and attorney's fees if the case is refiled." *Id*. at 979 (*citing Kern v. TXO Prod. Corp.*, 738 F.2d 968, 972 (8th Cir. 1984) (granting fees for all legal work that would have to be redone if plaintiff were to later decide to refile, when the dismissal was filed during trial).

Alternatively, Citi requests that the Court deny Plaintiff's motion and allow this matter to proceed so that Citi can obtain a ruling on its motion for summary judgment.

Dated: June 22, 2016

Respectfully submitted,

BRYAN CAVE LLP

By: /s/ Louis F. Bonacorsi
    Louis F. Bonacorsi, #28331MO
    lfbonacorsi@bryancave.com
    Jason A. Kempf, #59897MO
    jason.kempf@bryancave.com
    Alicia E. Ragsdale, #66168MO
    Ali.ragsdale.bryancave.com
    211 North Broadway, Suite 3600
    St. Louis, MO 63102
    (314) 259-2000; (314) 259-2020 (facsimile)

*Attorneys for Defendant
Citibank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via the Court's electronic service to all parties of record on the 22nd day of June, 2016.

/s/ Louis F. Bonacorsi